IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MICHAEL S. GRAHAM,<br>Petitioner, | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>EP-22-CV-387-DCG |
| BUREAU OF PRISONS,<br>Respondent. | | |

## MEMORANDUM OPINION AND ORDER

Michael S. Graham, Federal Prisoner Number 67146-408, petitions the Court under 28 U.S.C. § 2241 to intervene in his behalf and order the Bureau of Prisons (BOP) to release him from prison.[1] Pet'r's Pet., ECF No. 1. His petition is denied because it appears from its face that his claims are unexhausted and, in the alternative, he is not entitled to § 2241 relief.

## BACKGROUND

Graham is a 56-year-old inmate serving a 72-month sentence for wire and mail fraud. *Id.* at 3. He is currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* www.bop.gov/inmateloc (search for Reg. 67146-408, last visited Nov. 10, 2022). His projected release date is January 6, 2024. *Id.*

Graham operated a Ponzi scheme. *See United States v. Graham*, 2:16-CR-01300-DLR (D. Ariz.). He claimed he owned a computer software program capable of earning consistent returns by trading foreign currency. Between May 2013 and August 2015, he collected $2,135,770.13 from investors who believed he would use his trading algorithm to make them money in the foreign exchange market. He paid $393,224.99 back to his initial investors from money collected from his subsequent investors. But he diverted the remaining $1,742,545.14 for other uses—including to cover his personal expenditures.

---

[1] The Court previously dismissed a similar motion filed by Graham for failure to exhaust. *See Graham v. Bureau of Prisons*, EP-22-CV-348, Mem. Op. & Order, ECF No. 2.

Graham was indicted by a grand jury in the District of Arizona on October 25, 2016. The indictment alleged 20 counts of wire fraud and four counts of mail fraud. He was found guilty by a jury on 13 counts of wire fraud and two counts of mail fraud. He was sentenced on September 21, 2021, to 15 concurrent terms of 72 months' imprisonment followed by 15 concurrent terms of 36 months' supervised release.

Graham now asserts he is entitled to "immediate release from confinement." Pet'r's Pet., ECF No. 1 at 1. He explains he has already completed his prison sentence:

> As of [this] date Petitioner has served 48 months on a 72-month sentence. The statutory[ily] required time for in custody incarceration on 72 months is 61 months which does not include halfway house or home confinement reductions to which the Petitioner is entitled to because he qualifies for the First Step Act with the mandated reductions pursuant to 18 U.S.C. [§] 3624(c)(1) and (c)(2), Petitioner is required to serve 43 months in custody. Therefore, Petitioner has exceeded his required sentence.

*Id.* at 3. He maintains "the facts are extraordinary in this case and meet the exception to the exhaustion requirements under the Supreme Court holding of *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)." *Id.* He claims resorting to the administrative review process will cause unreasonable or definite delay and result in irreparable harm to him. *Id.* at 4.

The Court observes Graham has failed to include the $5.00 filing fee or an application to proceed *in form pauperis* with his petition. But it will waive the fee in the interest of expediting the processing of his claim.

## APPLICABLE LAW

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 provides the proper procedural vehicle for a prisoner to attack "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). It will not be granted, however, unless the petitioner shows he is "in custody in

2

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts a petitioner's allegations as true during the initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Upon completing the initial screening, it must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)), 28 U.S.C. foll. § 2254.

## ANALYSIS

### A. Exhaustion

An initial issue which a court must address when screening a § 2241 petition is whether a petitioner has exhausted his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). A petitioner seeking habeas relief must first exhaust all administrative remedies which might provide appropriate relief before seeking judicial review. *Id.*; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion under the Prison Litigation Reform Act).

A federal prisoner may use the BOP's multi-tiered administrative remedy program "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). He may

pursue relief in a federal court only after he has exhausted all levels of the administrative review process. *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions may be made only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

Graham claims pursuing the administrative remedies would cause him irreparable harm because he believes his sentence has already expired. Pet'r's Pet., ECF No. 1 at 3–4. Hence, he concedes he has not exhausted.

If Graham has a meritorious claim, there is nothing to suggest that the BOP would not afford him relief through its administrative review process. And if the BOP made an error concerning Graham's placement in a residential reentry center and home confinement, the BOP should have the opportunity to correct the error before he is permitted to seek judicial intervention. Indeed, an attempt by Graham to exhaust through the BOP administrative review process would clearly *not* be a patently futile course of action. And while "[i]t is true that exhaustion . . . takes time, . . . there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973).

Furthermore, Graham knew the BOP's administrative review process was available to address his claim. *See* Pet'r's Pet., Ex. 6 (Inmate Request to Staff), ECF No. 1-1 at 44. And he knew the BOP had the discretion to place him in a residential reentry center for up to twelve months before his release under 18 U.S.C. § 2624(c). Yet, Graham delayed mailing his petition until October 18, 2022—after 48 months in

confinement and after he claimed he had already completed his term of imprisonment. Pet'r's Pet., ECF No. 1 at 3, 11. Given Graham's "lack of diligence in pursuing this claim, he has not shown the 'extraordinary circumstances' warranting an exception to the exhaustion requirement." *Castano v. Everhart*, 235 F. App'x 206, 208 (5th Cir. 2007).

Consequently, the Court finds that Graham has failed to exhaust his administrative remedies. And it notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). But even if Graham had properly exhausted, the Court would still not grant him § 2241 relief.

**B. Merits**

Graham claims that 18 U.S.C. § 3624(c) entitles him to serve 12 months in a halfway house followed by six months in home confinement—thereby reducing his 72-month prison sentence by 18 months. Pet'r's Pet., ECF No. 1 at 4–6. He further claims § 3624(c) entitles him to a 15 percent reduction in his sentence for his good conduct—thereby reducing his sentence by an additional eleven months. *Id.* He is wrong.

The Court notes two statutes govern the discretion of the BOP to place an inmate: (1) 18 U.S.C. § 3621(b), which addresses the imprisonment of a convicted person, and (2) 18 U.S.C. § 3624(c), which allows for prerelease custody of a convicted person in a community facility or home confinement.

Section 3621(b) grants the BOP the authority and discretion to designate a prisoner's place of confinement. Under § 3621(b), the BOP:

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the

person was convicted, that the Bureau determines to be appropriate and suitable. 18 U.S.C. § 3621(b). In making this determination, the BOP must consider "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission[.]" *Id.*

Section 3624(c) grants the BOP Director the authority and discretion to place a prisoner in a community corrections facility for up to twelve months. *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). It gives the Director the discretion "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). It directs the BOP to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* § 3624(c)(6).

The BOP adopted regulations implementing the statute, codified at 28 C.F.R. §§ 570.20–.22. Both the statute and the regulations instruct the BOP to determine the amount of time a prisoner should spend in residential reentry center "on an individual basis." *Id.*; 28 C.F.R. § 570.22.

The Supreme Court has consistently held that a prisoner has no constitutional right to be confined in any particular place. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its

prisons.").

The Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).[2]

Furthermore, a petitioner complaining about a BOP assignment is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.' " *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.' ") (alteration in original) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

Thus, after reviewing Graham's petition and the applicable statutes, the Court finds the BOP has the exclusive authority and discretion to determine if and when to assign Graham to a residential reentry center or home confinement. The Court further finds the record does not support a conclusion that the BOP acted "arbitrarily, capriciously, and in a discriminatory manner" or discriminated against Graham

---

[2] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 94-473, Title 2 II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b).

with regard to his placement. As a result, the Court also finds he is not entitled to § 2241 relief.

## CONCLUSIONS AND ORDERS

The Court accordingly concludes that Graham has not only failed to exhaust his administrative remedies but also has no constitutional or statutory right to placement in a community facility or immediate release from prison. The Court also concludes that it appears from the face of Graham's petition and other pleadings that he is not entitled to § 2241 relief. The Court consequently enters the following orders:

**IT IS ORDERED** that the $5.00 filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that Graham's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this 10th day of November 2022.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE